Filed 5/18/22  P. v. Rangel CA2/4
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions
not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion
has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>MYRA RANGEL,<br><br>      Defendant and Appellant. | B302169<br><br>(Los Angeles County<br>Super. Ct. No. PA070627 |

APPEAL from an order of the Superior Court of
Los Angeles County, Hilleri G. Merritt, Judge.  Affirmed.

John Steinberg, under appointment by the Court of Appeal,
for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance
E. Winters, Chief Assistant Attorney General, Susan Sullivan
Pithey, Assistant Attorney General, Charles S. Lee, Charles J.
Sarosy, Idan Ivri and Michael C. Keller, Deputy Attorneys
General, for Plaintiff and Respondent.

## INTRODUCTION

In a prior opinion regarding this appeal from the denial of a petition for relief under Penal Code section 1170.95,[1] we concluded appellant Myra Rangel was ineligible for relief as a matter of law because her convictions for attempted premeditated murder and conspiracy to commit murder were outside the scope of the statute. Our Supreme Court granted review and transferred the matter back to this court, with directions that we vacate our prior decision and reconsider the cause in light of Senate Bill No. 775 (Reg. Sess. 2021-2022) (SB 775). After reconsidering the cause, we conclude that appellant remains ineligible for relief as a matter of law. We therefore affirm.

## BACKGROUND[2]

In 2013, a jury found appellant and three codefendants guilty of conspiracy to commit murder (§§ 182, subd. (a)(1) & 187, subd. (a)), attempted premeditated murder (§§ 187, subd. (a) & 664), and shooting at an occupied vehicle (§ 246). It also found true allegations that the crimes were committed for the benefit of or in association with a criminal street gang (§ 186, subds. (b)(1)(C) & (b)(4)), and a principal—not appellant—personally and intentionally discharged a firearm causing great bodily injury (§ 12022.53, subds. (d) & (e)(1)). Appellant was sentenced

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] We granted appellant's request to take judicial notice of the case file in her direct appeal, *People v. Gonzalez*, No. B249598, including our prior opinion, *People v. Gonzalez* (Oct. 26, 2015, B249598) 2015 Cal. App. Unpub. LEXIS 7643, 2015 WL 6453657 [nonpub. opn.] *(Gonzalez)*. The background here, which is not disputed, is drawn from the prior opinion.

to a total term of 75 years to life.  We affirmed appellant's (and her codefendants') convictions in 2015. (*Gonzalez, supra*, 2015 Cal. App. Unpub. LEXIS 7643, 2015 WL 6453657 [nonpub. opn.].) The Supreme Court denied appellant's petition for review in 2016.

In March 2019, appellant filed a petition for resentencing pursuant to section 1170.95.  The trial court appointed counsel to represent her.  The prosecution filed a written opposition to the petition, arguing that appellant was ineligible for relief under section 1170.95 because she was not convicted of murder; at the time, felony murder and murder were the only offenses named in the statute.  (See former § 1170.95.) It alternatively argued that appellant's convictions required the jury to find that she acted with the specific intent to kill and were not based on either the felony murder theory or natural and probable consequences doctrine.  Appellant did not file a reply in support of her petition.

After holding a hearing at which the parties submitted on the briefing, the trial court denied the petition. It concluded appellant did "not fall within the parameters" of former section 1170.95.  We affirmed the decision, holding that the plain language of former section 1170.95 restricted its scope to murder convictions.  (*People v. Rangel* (May 25, 2021, B302169) 2021 Cal. App. Unpub.  LEXIS 3446, 2021 WL 2102383 [nonpub. opn.].) We further concluded that even if former section 1170.95 applied to appellant's offenses, our holding on direct appeal that she was convicted as a direct aider and abettor foreclosed relief.  (See *id*.)

The Supreme Court granted appellant's petition for review. While the petition was pending, the governor signed into law Senate Bill No. 775 (Stats. 2021, ch. 551), which amended former section 1170.95 to provide relief for those convicted of attempted murder or manslaughter in addition to those convicted of murder.

3

The Supreme Court transferred the matter to this court without decision, with directions to vacate our May 25, 2021 decision and reconsider the cause in light of Senate Bill No. 775. We vacated our previous decision on February 16, 2022. Appellant and respondent Attorney General subsequently filed supplemental briefs.

## DISCUSSION

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] "In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill 1437 added section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) Senate Bill No. 775, which became effective January 1, 2022, expanded section 1170.95's scope and amended its procedures. Among other things, the new legislation allows defendants to challenge convictions for attempted murder obtained under theories that Senate Bill No. 1437 rendered invalid, including the natural and probable consequences doctrine. (§ 1170.95, subd. (a), as amended by Stats. 2021, ch. 551, § 2.)

In her supplemental brief, appellant contends Senate Bill No. 775 applies to her conviction for attempted murder because the opinion resolving her direct appeal, *Gonzalez*, *supra*, demonstrates that the jury convicted her under the natural and probable consequences theory and does not demonstrate beyond a

4

reasonable doubt that the conviction was based upon a legally valid theory. She does not raise a separate argument about the conspiracy conviction,[3] though she asserts the jury also applied the natural and probable consequences doctrine to that conviction and requests reversal of the court's order in its entirety. We consider appellant's arguments regarding both convictions, as she raised them properly in her opening brief.

In its supplemental brief, respondent contends appellant is not entitled to relief under Senate Bill No. 775 because we concluded on direct appeal that she was a direct aider and abettor. Respondent further argues that section 1170.95 does not apply to conspiracy to commit murder, both because the crime is not listed in the statute and because it requires an intent to kill. We agree with respondent that appellant remains ineligible for relief.

Upon receipt of a section 1170.95 petition that facially complies with the statute's requirements, the trial court must appoint counsel if requested and permit briefing by the parties. (§ 1170.95, subds. (b) & (c); see *People v. Lewis*, *supra*, 11 Cal.5th at pp. 960-970 (*Lewis*).) It then determines if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c).) The trial court may not reject the petitioner's factual allegations on credibility grounds, or make factual determinations generally. (*Lewis*, *supra*, 11 Cal.5th at p.

---

[3] California Rules of Court, Rule 8.204(a)(1)(B) requires appellate briefs to "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority." The sole argument heading in appellant's supplemental brief states, "Senate Bill 775 Applies to Petitioner's Conviction of Attempted Murder."

971; see also *People v. Drayton* (2020) 47 Cal.App.5th 965, 980-981, overruled in part by *Lewis*, *supra*, 11 Cal.5th at pp. 963-964.)  However, it need not credit factual assertions that are untrue as a matter of law or are refuted by the record of conviction.  (*People v. Drayton*, *supra*, 47 Cal.App.5th at p. 980.)  The court may deny the petition if the petition is "clearly meritless," or the petitioner is ineligible for resentencing as a matter of law.  (*Lewis*, *supra*, 11 Cal.5th at p. 971.)  Otherwise, it must issue an order to show cause and the matter proceeds to an evidentiary hearing unless otherwise stipulated.  (§ 1170.95, subds. (c) & (d).)

Here, the trial court concluded appellant was ineligible for relief as a matter of law because her convictions were not listed in the statute.  That rationale is no longer valid, at least as to the attempted murder conviction. But we review the trial court's ruling, not its reasoning.  (*People v. Zapien* (1993) 4 Cal.4th 929, 976.)  And we do so in light of the record of conviction, which includes our appellate opinion.  (See *Lewis*, *supra*, 11 Cal.5th at p. 972.)

On direct appeal, appellant's codefendant argued that she was improperly convicted of the same crimes as appellant under the natural and probable consequences doctrine.  (See *Gonzalez*, *supra*, at WL p. *42.)  We acknowledged, as appellant points out in her supplemental brief, that the prosecution "invoked the natural and probable doctrine as an alternative to direct aiding and abetting liability."  (*Id.* at WL p. *43.)  We further acknowledged that the trial court instructed the jury on the natural and probable consequences doctrine, and accepted respondent's concession that the instruction was flawed as it pertained to the conspiracy charge.  (See *id.* at WL pp. *43-*44.)  We held, however, that "[t]he error here was cured by the court's

6

proper instruction that the conspiracy count required the People to prove defendants agreed and intended to 'intentionally and unlawfully kill' and 'had an agreement and intent to commit murder.'  Additionally, the People repeatedly invited the jury to acquit [the codefendant] and Rangel on the conspiracy count if it applied the natural and probable consequences doctrine.  The jury's guilty verdict on the conspiracy count—and its findings that the attempted murders were willful and premeditated and not simply an escalated consequence of a target offense—indicates that it rejected the natural and probable consequences theory in favor of the People's lead theory of direct aiding and abetting." (*Id.* at WL p. *45.)

Our conclusion that the jury rejected the natural and probable consequences theory in favor of the direct aiding and abetting theory was essential to our holding.  "Under the doctrine of the law of the case, a principle or rule that a reviewing court states in an opinion and that is necessary to the reviewing court's decision must be applied throughout all later proceedings in the same case, both in the trial court and on a later appeal." (*People v. Jurado* (2006) 38 Cal.4th 72, 94.)  Thus, that conclusion continues to apply to appellant—and forecloses her petition for relief as a matter of law.  "Senate Bill 1437 does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor must possess malice aforethought." (*People v. Gentile* (2020) 10 Cal.5th 830, 848.) Nor does Senate Bill No. 775. (See *People v. Glukhoy* (2022) 77 Cal.App.5th 576, 590; *People v. Coley* (2022) 77 Cal.App.5th 539, 548; *People v. Rodriguez* (2022) 75 Cal.App.5th 816, 824.)  Because the record of conviction establishes that appellant was convicted of attempted murder and conspiracy to commit murder under a direct aiding and abetting theory, she is ineligible for relief under section 1170.95.

## DISPOSITION

Our prior decision in this case, *People v. Rangel* (May 25, 2021, B302169) 2021 Cal. App. Unpub. LEXIS 3446, 2021 WL 2102383 [nonpub. opn.], is vacated. The trial court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


WILLHITE, ACTING P.J.


CURREY, J.